UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELIJAH TURLEY,

                Plaintiff,

v.                                 **DECISION AND ORDER**
                                      06-CV-794S

ISG LACKAWANNA, INC., *et al.*,

                Defendant.

        1.        Presently before this Court is Plaintiff's Motion for Subpoena to Compel Live Testimony in Court or to Allow Contemporaneous Transmission of Live Testimony. (Docket No. 144.)  Plaintiff requests that this Court act pursuant to Rule 45(c)(3)(C) of the Federal Rules of Civil Procedure and order the appearance of witnesses Frank Pelc and Kevin Daley for purposes of testifying at trial.  Alternatively, Plaintiff asks this Court to order the witnesses' testimony by contemporaneous transmission.  Defendants oppose Plaintiff's motion and argue that this Court lacks the power to issue the requested relief.

        2.        Pursuant to Rule 45(a), this Court may issue a subpoena directing a person to attend and testify at a hearing or trial.  Such a subpoena must issue "from the court for the district where the hearing or trial is to be held."  Fed. R. Civ. P. 45(a)(2).  Further, a district court's power to subpoena a witness is limited to "within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection."  Fed. R. Civ. P. 45(b)(2)(B).  Indeed, on a timely motion, a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(3)(A)(ii).  The geographic limitation on a court's power to subpoena witnesses has been recognized as a factor weighing in favor of transfer.  See, e.g., Amick

v. Am. Express Travel Related Servs. Co., No. 09 Civ. 9780(AKH), 2010 WL 307579, at *3 (S.D.N.Y. Jan. 26, 2010) (noting that "[t]ransfer is also appropriate because this Court cannot compel the attendance at trial of witnesses residing in North Carolina"); Lappe v. Am. Honda Motor Co., 857 F. Supp. 222, 230 (N.D.N.Y. 1994) ("The vast majority of the fact witnesses . . . are citizens of Saratoga County, New York, which is outside the 100-mile limitation on federal subpoena authority set forth in Fed. R. Civ. P. 45(c)(3)(A)(ii).").

3. Here, Plaintiff concedes that Mr. Pelc lives in Fort Myers Beach, Florida, and Mr. Daley lives in Aurora, Minnesota. (Pl.'s Reply Mem. 2 n. 1, Docket No. 146.) There is no dispute that these residences fall outside the 100-mile limit of this Court's subpoena power. Therefore, this Court lacks the power to compel the attendance of either witness. Similarly, Rule 43, on which Plaintiff relies for the proposition that this Court can order their testimony by contemporaneous transmission, does not empower a court to order the witnesses to testify by videoconferencing, but only specifies a preference for taking testimony in open court, at trial. Fed. R. Civ. P. 43(a).

4. Plaintiff argues, nevertheless, that other courts have permitted such testimony, even where witnesses were outside the subpoena range. However, none of the cases Plaintiff cites stand for that proposition. See Scott Timber, Inc. v. United States, 93 Fed. Cl. 498, 499 (Fed. Cl. 2010) (observing that United States Court of Federal Claims has nationwide jurisdiction, of which a "concomitant aspect . . . is the power to issue a subpoena requiring a witness to appear and testify at a trial to be held more, and in some instances considerably more, than 100 miles from the witness' residence"); In re Rand Int'l Leisure Prods., LLC, No. 10-71497-ast, 2010 WL 2507634, at *3 (Bankr. E.D.N.Y. June 16, 2010) (permitting witnesses to appear by videoconferencing); In re Vioxx Prods. Liab.

Litig., 439 F. Supp. 2d 640, 642 (E.D. La. 2006) (permitting subpoena of corporate party officer). This is not a case where a party has witnesses who are willing to appear, but are impeded by distance or other hardship. It is also not a case involving witnesses who are a party to the underlying litigation, or an officer to one of the party's involved. Accordingly, this Court lacks the power to grant Plaintiff's request, and the motion will be denied. See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., 262 F.R.D. 293, 302 (S.D.N.Y. 2009) ("The Court agrees with the Bondholders that the subpoenas served on individual employees who are not corporate officers, and who reside outside the geographic scope of Rule 45, must be quashed.")

    IT HEREBY IS ORDERED, that Plaintiff's (Docket No. 144) Motion for Subpoena to Compel Live Testimony in Court or to Allow Contemporaneous Transmission of Live Testimony is DENIED.

    SO ORDERED.

Dated:  April 18, 2012
          Buffalo, New York

                                    /s/William M. Skretny
                                 WILLIAM M. SKRETNY
                                      Chief Judge
                                United States District Court