UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIJAH TURLEY,

        Plaintiff,

vs.                                                                                             06-CV-794S

ISG LACKAWANNA, INC.,
ISG LACKAWANNA, LLC,
MITTAL STEEL USA LACKAWANNA INC.,
MITTAL STEEL USA INC., d/b/a ARCELOR-MITTAL STEEL,
LARRY D. SAMPSELL, GERALD C. MARCHAND,
THOMAS JAWORSKI,

        Defendants.

---

We, the Jury, return the following verdict in <u>Elijah Turley v. ISG Lackawanna, Inc., et al.</u>, Docket No. 06-CV-794S.

### VERDICT OF THE JURY

Having been instructed on the law applicable to this case, you are now required to return a unanimous verdict. Follow the directions on this form carefully. Your answers to the questions must be unanimous. Any findings you make must be based on a preponderance of the evidence.

**Proceed to the Next Page**

## SECTION I

## HOSTILE WORK ENVIRONMENT

**A.     Title VII and § 1981: Corporate Liability**

1.     Has the plaintiff proven by a preponderance of the evidence that he was subjected to a hostile or abusive work environment because of his race?

Yes __✓__          No ____

**If "Yes," proceed to Question 2. If "No," skip Questions 2 through 9 and proceed directly to Page 8.**

2.     Has the plaintiff proven by a preponderance of the evidence that a supervisor with immediate or successively higher authority over the plaintiff created or permitted the hostile or abusive work environment by not taking reasonable action to address it?

Yes __✓__          No ____

**If "Yes," proceed to Question 3. If "No," skip Questions 3 through 9 and proceed directly to Page 8.**

- 2 -

**B.   § 1981: Individual Liability**

3.   Has the plaintiff proven by a preponderance of the evidence that any of the following individual defendants directly participated in the hostile work environment; were grossly negligent in supervising the employees responsible for the hostile work environment; failed to take action upon receiving information that constitutional violations are occurring; or created a policy or custom under which unconstitutional practices occurred?

    a)   Larry D. Sampsell    Yes ✓    No ___

    b)   Gerald C. Marchand    Yes ✓    No ___

    c)   Thomas Jaworski    Yes ✓    No ___

**Proceed to Question 4.**

- 3 -

C.  **New York State Human Rights Law: Corporate Liability**

4.  Has the plaintiff proven by a preponderance of the evidence that the corporate defendants encouraged, condoned or acquiesced to the hostile work environment in violation of the New York State Human Rights Law?

Yes ✓          No ____

**Proceed to Question 5.**

**D.     New York State Human Rights Law: Individual Liability**

5.     Has the plaintiff proven by a preponderance of the evidence that the following individual defendants had the power or authority to do more than carry out personnel decisions made by others or an ownership interest in one or more of the corporate defendants?

    a)     Larry D. Sampsell          Yes __✓__          No ____

    b)     Gerald C. Marchand       Yes __✓__          No ____

    c)     Thomas Jaworski           Yes __✓__          No ____

**If "Yes" as to any defendant proceed to Question 6. If you answered "No" as to all defendants in Question 5, skip Question 6, and proceed directly to Question 7. If you answered "No" to Question 4 and "No" as to all defendants in Question 5, skip Questions 6 through 7, and proceed directly to Question 8.**

6.     Of those individual defendants that you have found had the power or authority to do more than carry out personnel decisions made by others or an ownership interest in one or more of the corporate defendants, has the plaintiff proven by a preponderance of the evidence that those individuals encouraged, condoned or acquiesced to the hostile work environment in violation of the New York State Human Rights Law?

    a)     Larry D. Sampsell          Yes __✓__          No ____

    b)     Gerald C. Marchand       Yes __✓__          No ____

    c)     Thomas Jaworski           Yes __✓__          No ____

**Proceed to Question 7.**

7.  Has the plaintiff proven by a preponderance of the evidence that the following individual defendants aided or abetted the harassment by actually participating in it in violation of the New York State Human Rights Law, including failing to take adequate remedial measures?

    a) Larry D. Sampsell     Yes ✓     No ___

    b) Gerald C. Marchand     Yes ✓     No ___

    c) Thomas Jaworski     Yes ✓     No ___

**Proceed to Question 8.**

E.  **Defendants' Affirmative Defense – Reasonable Care**

8.  Has any defendant proven by a preponderance of the evidence that he exercised reasonable care to prevent and correct promptly any racially harassing behavior in the workplace?

   a) Larry D. Sampsell       Yes____       No ✓
   b) Gerald C. Marchand      Yes____       No ✓
   c) Thomas Jaworski         Yes____       No ✓
   d) Corporate Defendants    Yes____       No ✓

**If "Yes" as to any defendant proceed to Question 9. If "No" as to all defendants skip Question 9, and proceed directly to Page 8.**

9.  Has any defendant to which you answered "Yes" in Question 9 proven by a preponderance of the evidence that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided to avoid or correct the harm?

   a) Larry D. Sampsell       Yes____       No____
   b) Gerald C. Marchand      Yes____       No____
   c) Thomas Jaworski         Yes____       No____
   d) Corporate Defendants    Yes____       No____

**Proceed to the Next Page**

**I certify the above verdict to be true and accurate.**

Dated:      June 4, 2012
            Buffalo, NY

                                        _____
                                              JURY FOREPERSON

**[PLEASE REMEMBER THAT YOUR VERDICT MUST BE UNANIMOUS.]**

**Proceed to the Next Page**

- 8 -

## SECTION II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**A.   Corporate Defendants**

10.   Has the plaintiff proven by a preponderance of the evidence that the co-workers or supervisors who were responsible for the conduct he experienced acted in furtherance of the corporate employers' business and not for their own personal reasons?

Yes __✓__      No ____

**If "Yes," proceed to Question 11. If "No," skip Questions 11 through 13 and proceed directly to Question 14.**

11.   Has the plaintiff proven by a preponderance of the evidence that the conduct of his co-workers or supervisors was extreme and outrageous?

Yes __✓__      No ____

**If "Yes," proceed to Question 12.  If "No," skip Questions 12 through 14 and proceed directly to Question 14.**

12.   Has the plaintiff proven by a preponderance of the evidence that his co-workers or supervisors intended to cause him severe emotional distress or disregarded a substantial probability of causing him severe emotional distress?

Yes __✓__      No ____

**If "Yes," proceed to Question 13.  If "No," skip Question 13 and proceed directly to Question 14.**

13.   Has the plaintiff proven by a preponderance of the evidence that he actually suffered severe emotional distress as a result of his co-workers' or supervisors' conduct?

Yes __✓__      No ____

**Proceed to Question 14.**

**B.     The Individual Defendants**

14.     Has the plaintiff proven by a preponderance of the evidence that any of the following individual defendants engaged in extreme and outrageous conduct towards him?

|   |   |   |   |
|---|---|---|---|
| a) | Larry D. Sampsell | Yes ✓ | No ____ |
| b) | Gerald C. Marchand | Yes ____ | No ✓ |
| c) | Thomas Jaworski | Yes ____ | No ✓ |

**If "Yes" as to any defendants proceed to Question 15. If "No" as to all defendants skip Questions 15 through 16 and proceed directly to Page 11.**

15.     Has the plaintiff proven by a preponderance of the evidence that any of the following individual defendants intended to cause him severe emotional distress or disregarded a substantial probability of causing him severe emotional distress?

|   |   |   |   |
|---|---|---|---|
| a) | Larry D. Sampsell | Yes ✓ | No ____ |
| b) | Gerald C. Marchand | Yes ____ | No ✓ |
| c) | Thomas Jaworski | Yes ____ | No ✓ |

**If "Yes" as to any defendant proceed to Question 16. If "No" as to all defendants skip Question 16 and proceed directly to Page 11.**

16.     Has the plaintiff proven by a preponderance of the evidence that he actually suffered severe emotional distress as the result of the conduct of any of the following individual defendants?

|   |   |   |   |
|---|---|---|---|
| a) | Larry D. Sampsell | Yes ✓ | No ____ |
| b) | Gerald C. Marchand | Yes ____ | No ✓ |
| c) | Thomas Jaworski | Yes ____ | No ✓ |

**Proceed to the Next Page**

I certify the above verdict to be true and accurate.

Dated:     June 4, 2012
           Buffalo, NY

                                        JURY FOREPERSON

[PLEASE REMEMBER THAT YOUR VERDICT MUST BE UNANIMOUS.]

Proceed to the Next Page

- 11 -

## SECTION III

## PARENT CORPORATION LIABILITY

**A.** **Parent Corporation Liability: Title VII, § 1981, and New York State Human Rights Law**

17. Has the plaintiff proven by a preponderance of the evidence that the parent company – ArcelorMittal USA, Inc. – is sufficiently integrated with its subsidiary – ArcelorMittal Lackawanna, LLC. – to constitute a single employer?

Yes ✓      No ___

**Proceed to Question 19.**

**B.** **Parent Corporation Liability: Intentional Infliction of Emotional Distress**

18. Has the plaintiff by a preponderance of the evidence shown that the parent company – ArcelorMittal USA, Inc. – exercised complete domination of its subsidiary – ArcelorMittal Lackawanna, LLC. – with respect to his claim for intentional infliction of emotional distress and that such domination was used to commit a wrong against him?

Yes ___      No ✓

**Proceed to the Next Page**

- 12 -

**I certify the above verdict to be true and accurate.**

Dated:       June 4, 2012
             Buffalo, NY

                                            JURY FOREPERSON

[PLEASE REMEMBER THAT YOUR VERDICT MUST BE UNANIMOUS.]

Now that you have completed the verdict sheet, place it in the envelope provided and seal the envelope. Inform the Court by written note that you have reached a verdict. Do not disclose the verdict to the Court or anyone else until you are asked to do so by Judge Skretny in open Court.