UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
Elijah Turley,                                          :
                                                        :
          Plaintiff,                      :
                                                        :
     v.                                       :  Case No. 06-CV-794S
                                                        :
ISG Lackawanna Inc., et al.,                            :
                                                        :
          Defendants.                      :
                                                        :
------------------------------------------------------- X

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SECOND SUPPLEMENTAL AWARD OF ATTORNEYS' FEES

      ISG Lackawanna, Inc., ISG Lackawanna, LLC, (and their successor entity, Arcelor Mittal Lackawanna, LLC), Mittal Steel USA Lackawanna, Inc., Mittal Steel USA Inc. d/b/a Arcelor-Mittal Steel (and its successor entity, ArcelorMittal USA LLC), Larry D. Sampsell, Gerald C. Marchand, and Thomas Jaworski, the Defendants in the above-named case (collectively, "Defendants"), oppose Plaintiff's Motion for a Second Supplemental Award of Attorneys' Fees (the "Motion").  In his Motion, Plaintiff seeks more than $86,000 in post-trial fees and costs, *and* $151,000 in appellate fees, despite the fact that he has already been awarded very substantial fees through trial, and that the net result of the post-trial and appellate litigation has been a drastic *reduction* of his damages award.  As shown below, the Court should deny his Motion because (i) it is prematurely filed; (ii) he is not eligible for the requested fees and costs because he was not the "prevailing party" in the post-trial motions or the appeal; and (iii) the appellate fees he requests are excessive.

## Background

The jury verdict in this case exceeded a staggering $25 million, including $24 million in punitive damages. Plaintiff refused to recognize that this excessive damages award was legally unsustainable, and therefore Defendants filed post-trial motions, seeking *inter alia* a reduction in the damage award. As a result of Defendants' post-trial motions, "The district court subsequently granted a motion for remittitur as to the punitive damages, which remittitur was accepted by the plaintiff, and reduced the punitive award by $19 million, to $5 million." *Turley v. ISG Lackawanna et al.*, 2014 U.S. App. LEXIS 23705, at *3 (2d Cir. Dec. 17, 2014). After Defendants' appeal, the Second Circuit held that the reduced punitive award was still excessive, and remanded for remittitur or new trial, ordering that an approximately "2:1 ratio of punitive damages to what, by its nature, is necessarily a largely arbitrary compensatory award, constitutes the maximum allowable in these circumstances." *Id.* at *55. Thus, the Court of Appeals ordered a further remittitur that, if accepted by Plaintiff, would reduce the previous $5 million punitive award by at least half again. The parties now await the District Court's order in response to the Second Circuit decision.

Plaintiff has already been awarded, and the Court of Appeals affirmed, what the Second Circuit recognized were "substantial attorney's fees and costs" through trial: attorney's fees of $437,323.30 and costs of $32,711.42. *Turley*, 2014 U.S. App. LEXIS 23705, at *3, 19. On February 11, 2013, Plaintiff sought yet more fees, totaling $84,164.02, and costs of $2,379.40, incurred in the post-trial motion stage. Document Nos. 255 & 256. Defendants filed a response clarifying that, while they would not oppose the amount of the requested post-trial motion fees and costs, they "reserve[d] all rights to challenge Plaintiff's entitlement to attorneys' fees and

costs in the event that any portion of the Amended Judgment, or any order or ruling that merges into that Amended Judgment, is reversed on appeal." Document No. 259.

Plaintiff wrongly states that the Court did not act on his request for post-trial motion fees and costs. Motion at 2. In fact, while the case was up on appeal, in a text order on August 29, 2014, the Court allowed Plaintiff's motion for $84,164.02 in post-trial fees, but in the order, expressly recognized that "all parties have reserved their right to move to alter the award given that the case remains pending on appeal." Document No. 263. Similarly, the Court awarded the post-trial motion costs on November 24, 2014. Document No. 264 ("Costs Taxed in amount of $2,379.40 against all defendants").

## Argument

Plaintiff seeks to recover attorney's fees under 42 U.S.C. § 1988. In order to recover attorneys' fees, Plaintiff must first establish that he is the prevailing party and that he is therefore *eligible* for a fee award. *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996); *Baim v. Notto*, 316 F. Supp. 2d 113, 115 (N.D.N.Y. 2003). Similarly, he can only recover post-trial motion costs if he is the prevailing party. Fed. R. Civ. P. 54; *Johnson v. IAC/Interactive Corp.*, 11-CV-7909, 2014 WL 5020591, at *2 (S.D.N.Y. Oct. 28, 2014). Plaintiff must also establish that the fee award sought is reasonable and that he is therefore *entitled* to an award. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) ("A plaintiff who has 'prevailed' in the litigation has established only his eligibility for, not his entitlement to, an award of fees. . . . [T]he court may conclude that, even though a plaintiff has formally prevailed, no award of fees to that plaintiff would be reasonable."). Plaintiff cannot meet any of these tests.

3

**I.     PLAINTIFF'S MOTION IS PREMATURE.**

Plaintiff's motion for post-trial attorneys' fees and costs, and appellate attorneys' fees, should be denied as premature. On appeal, the Second Circuit Court of Appeals acted to "VACATE the district court's punitive damages award, and REMAND for imposition of a remittitur ordering a reduced punitive damages award against the corporate defendants or, if the plaintiff does not accept the reduced award, a new trial." *Turley*, 2014 U.S. App. LEXIS 23705, at *60-61. Because this Court has yet to impose a remittitur, which Plaintiff will have the opportunity to accept or decline in lieu of a new trial, there remains the possibility of a new trial. It remains possible, therefore, that Plaintiff will not ultimately prevail. Under these circumstances, his request for fees and costs is premature. *See Hemmah v. City of Red Wing*, 592 F. Supp. 2d 1134, 1146 (D. Minn. 2008) ("[Plaintiff] seeks to recover attorneys' fees and costs as the prevailing party in this action. . . . Because a new trial on damages may yet be required, the Court concludes that [Plaintiff's] motion is premature."). Therefore, the Court should deny the motion as premature.[1]

**II.    PLAINTIFF IS NOT ELIGIBLE FOR AN AWARD OF POST-TRIAL FEES OR COSTS, OR APPELLATE FEES.**

Under the relevant statutes, Plaintiff is eligible for an award of attorneys' fees only if he can establish that he is the prevailing party. 42 U.S.C. § 1988 (prevailing plaintiffs in civil rights actions are eligible for attorneys' fees); *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 n.1 (2d Cir. 1996) (applying 42 U.S.C. § 1988 standard to Title VII actions); *Lenihan v. City of New York*, 640 F. Supp. 822, 824 n.1 (S.D.N.Y. 1986). Unsuccessful plaintiffs, however, are not prevailing parties and are not entitled to recover attorneys' fees. *Hargroves v. City of New York*, 03-cv-1668, 2014 WL 1270585 at *14 n.15 (E.D.N.Y. Jan. 6, 2014). Where a plaintiff achieves

---

[1] Defendants reserve all rights to seek to move to vacate or amend the prior awards of post-trial fees and costs, and to oppose Plaintiff's eligibility for and entitlement to appellate fees, when such a motion is ripe.

18815218v.1

only partial or limited success, the court may limit the fee award or may deny an award altogether, even where the plaintiff's unsuccessful claims were non-frivolous and asserted in good faith. *See Adorno v. Port Authority of New York & New Jersey*, 685 F. Supp. 2d 507, 512 (S.D.N.Y. 2010).

Plaintiff is not the prevailing party in the post-trial motions, or on appeal, because he is worse off now than he was before the post-trial or appeal. The net effect of his post-trial motions and appellate advocacy is a drastic reduction of the punitive damages to a mere fraction of the original jury award. As another court held under similar circumstances:

> Now Levka urges her lawyers should be compensated for their work [on the appeal] on the theory she was "the prevailing party in the litigation as a whole." But the myth of the philosopher's stone--of transmuting base metal into gold--has long since been exploded. Levka has been paid in full--or more--for the fact her lawyers prevailed for her in the trial court to the tune of the [original jury verdict]. No matter how Levka slices it, she is worse off now, *after* the appeal, than *before* it. For that obvious reason this Court rejects the notion she is the prevailing party *on the appeal*. And that--not whether she "prevailed in the litigation as a whole"--is the issue now.

*Levka v. City of Chicago*, 605 F. Supp. 197, 198-99 (N.D. Ill. 1985) (internal citations omitted). Like the plaintiff in *Levka*, Plaintiff here has already been awarded substantial fees and costs for trial. But since then, he has had his punitive damages award reduced by a minimum of approximately 90%, and therefore, he cannot reasonably claim that he has been a "prevailing party" in the post-trial or appellate stages. Therefore, he is not entitled to post-trial fees or costs, or appellate fees, as a "prevailing party."

### III. PLAINTIFF IS NOT ENTITLED TO THE EXCESSIVE APPELLATE FEES THAT HE REQUESTS.

The Court should also deny Plaintiff's Motion on the independent ground that the requested appellate fees are unreasonably excessive.

5

### A. The Requested Appellate Fees Are Excessive.

First, the Court should not permit Plaintiff to recover fees for the unnecessary and excessive number of lawyers and law firms that he retained for the appeal. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Quaratino v. Tiffany Co.*, 166 F.3d 422, 425 (2d Cir. 1999) ("[T]he district court should exclude excessive, redundant or otherwise unnecessary hours."). Plaintiff asks that Defendants be ordered to pay for appellate fees billed by three lawyers at Brown & Kelly, LLP and Schnitter Ciccarelli Mills, *and* two lawyers and a librarian at Harris Beach PLLC. He also seeks thousands of dollars for having retained a law professor "specializing in legal writing and analysis." Motion at 3. It is fundamentally unreasonable to force Defendants to pay for Plaintiff to have retained five lawyers at three law firms, a librarian and a writing professor to represent him in proceedings that resulted in a massive *reduction* in his damages.

Second, the total billable hours for which Plaintiff seeks to recover are unreasonable. The Court should exclude duplicative hours. *Quaratino v. Tiffany Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Plaintiff seeks over 600 hours just for the pendency of the appeal (Motion at 4-6). This number includes, for example, *379 billable hours* of Counsel Mary Fitzgerald at the partner rate of $250/hour, including large numbers of hours that could have been performed by a paralegal, such as 7.2 hours in a single day for adding record citations (*see* Motion, Ex. A, at p. 7) and time spent Shepardizing cases, (*id.* at 10), or by an associate at a lower rate, such as basic legal research (*id.*, *passim*). The total also includes almost 25 hours of billable hours by the writing professor. Motion at 6. Further, while this Court has previously approved partner rates of no more than $250/hour (*see* Document 251 at 42), Plaintiff seeks a far higher rate of $380/hour for Richard Sullivan, who is represented to have worked for 63.5 hours on the case.

6

*See* Motion at 6.  Many of his time entries state simply "Prepare for appeal," making it impossible to show that the fees are recoverable.  *See* Motion, Ex. C.

The total appellate fees Plaintiff requests are over and above what Courts have found to be excessive.  *See, e.g., Brady v. Wal-Mart Stores, Inc*., 03-cv-3843, 2010 WL 4392566, at *7-*8 (E.D.N.Y. Oct. 29, 2010) (even where defendant raised seven separate issues on appeal, the record was "voluminous," and defendant was a formidable opponent, 565.4 total hours during the pendency of the appeal was excessive).  The number of hours spent on the appeal is especially unreasonable given that Ryan Mills, a leading partner on the appeal, was also trial counsel.  *Critchlow v. First Unum Life Ins. Co.*, 377 F. Supp. 2d 337, 343 (W.D.N.Y. 2005) (reducing plaintiff's fee application for appellate work based on presumption that plaintiff had done substantial research on the relevant issues at the trial court level).  Courts have not hesitated to exclude recovery for fees that are duplicative and unreasonable.  In *Jimico Enterprises, Inc. v. Lehigh Gas Corp*., 1:07-cv-0578, 2014 WL 1239030, at *8 - *9 (N.D.N.Y. Mar. 25, 2014), for example, the court reduced total hours billed by 30% where some of the appellate work was unnecessarily duplicative, such as where three separate attorneys reviewed the appellate court's decision, three attorneys attended a conference at the appellate court, and one of the attorneys engaged in frequent conference calls with co-counsel.

## Conclusion

For all of these reasons, Defendants ask that the Court deny Plaintiff's Motion in its entirety.  Defendants also request that the Court grant all further relief to which they may be entitled.

| | |
|---|---|
| Evan M. Tager<br>Miriam R. Nemetz<br>MAYER BROWN LLP<br>1999 K Street, N.W.<br>Washington, D.C.  20006<br>Telephone:  (202) 263-3000<br>Facsimile:  (202) 263-3300 | */s/ Lynn Kappelman*_____<br>Lynn A. Kappelman<br>SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane<br>Suite 300<br>Boston, MA 02210-2028<br>Telephone: (617) 946-4888<br>Facsimile: (617) 946-4801<br><br>James R. Grasso, Esq.<br>PHILLIPS LYTLE LLP<br>Suite 3400<br>One HSBC Center<br>Buffalo, NY 14203-2887<br>Telephone:  (716) 847-8400<br>Facsimile:  (716) 852-6100 |

Dated: January 20, 2015

18815218v.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
Elijah Turley,                                          :
                                                        :
       Plaintiff,                                       :
                                                        :
v.                                                      :   Case No. 06-CV-794S
                                                        :
ISG Lackawanna Inc., et al.,                            :
                                                        :
       Defendants.                                      :
                                                        :
------------------------------------------------------- X

## CERTIFICATE OF SERVICE

      I hereby certify that on January 20, 2014, the foregoing Notice of Appeal was electronically filed with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

      **Ryan J. Mills, Esq.**
      rmills@scm-law.com

                                        */s/ Lynn Kappelman* _____
                                        Lynn A. Kappelman
                                        SEYFARTH SHAW LLP
                                        World Trade Center East
                                        Two Seaport Lane
                                        Suite 300
                                        Boston, MA 02210-2028
                                        Telephone: (617) 946-4888
                                        Facsimile: (617) 946-4801